IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEAL BANK, SSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0334-P-D |
| | ) | |
| F/V SEA COMMANDER, *in rem*, THOMAS VAN NGUYEN, *in personam*, | ) ) | ADMIRALTY *(in rem and in personam)* |
| | ) | |
| Defendants. | ) | |

ORDER OF STAY

Pending before this court in this two-count admiralty and maritime Complaint is a Suggestion of Bankruptcy filed by *in personam* defendant Thomas Van Nguyen on July 28, 2005 (doc.21). Defendant Nguyen states that his Chapter 11 bankruptcy proceeding, commenced on September 14, 2004, in the United States Bankruptcy Court for the Southern District of Texas (Case No. 04-43225-H4-11), operates pursuant to 11 U.S.C. § 362, as an automatic stay of plaintiff's *in personam* claim against him.  Id.[1]

---

[1] Pursuant to § 362 (a), defendant Nguyen's Chapter 11 proceeding operates as an automatic stay, applicable to all entities, of

> ... the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

* * *

> ... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.; ...

§ 362(a)(1) and (6); see In Re State Airlines, Inc., 873 F.2d 264, 267 (11th Cir. 1989).

In response, plaintiff proffered a copy of the Bankruptcy Court's Agreed Order On Relief From the Automatic Stay dated January 11, 2005 (doc.23, Ex.A). The Order provides, in part, that the automatic stay "shall be lifted pursuant to Debtor's [defendant Nguyen's] acknowledgment and agreement to surrender all right, title and interest in F/V Sea Commander, a 1999 Vessel (Official No. #1084904) [and the *in rem* subject matter of plaintiff's Complaint] and its components including any and all appurtenances thereto to [plaintiff] Beal Bank, S.S.B..." Id. This court notes that with the lifting of the automatic stay, and following the requisite notice, the F/V SEA COMMANDER was sold at auction by the U.S. Marshal on September 14, 2005 (docs.25-30).

Regarding plaintiff's *in personam* claim against defendant Nguyen, plaintiff claims that defendant Nguyen defaulted on an October 28, 1999 Promissory Note (doc.1, Ex.A), under which all outstanding payments of principal, accrued interest and charges including attorney's fees are now due. Id.

This court notes that the Bankruptcy Court's Agreed Order On Relief From the Automatic Stay (doc.23, Exhibit A), is silent regarding defendant Nguyen, *in personam*, the Promissory Note he executed, and any claims against defendant Nguyen in connection with the Promissory Note. Further, the events giving rise to this action occurred on October 28, 1999, with defendant Nguyen's execution of the Promissory Note, and subsequent default. Defendant Nguyen commenced his bankruptcy proceeding on September 14, 2004. As such, this court concludes that the automatic stay pursuant to § 362, is applicable.

Accordingly, it is ORDERED that plaintiff's *in personam* action against defendant Nguyen be and is hereby STAYED, pending the outcome of defendant Nguyen's bankruptcy proceeding.

It is further ORDERED that counsel for defendant Nguyen *__shall__* notify this court in writing every six months from the date of this Order of the status of the bankruptcy proceeding.

DONE this 24th day of October, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE